UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA,

- against -

JAMES MARSALIS,

                      Defendant.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
13-CR-224 (MKB)

MARGO K. BRODIE, United States District Judge:

    Defendant James Marsalis is charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Indictment dated April 8, 2013, Docket Entry No. 8.) Because Defendant is charged pursuant to 18 U.S.C. § 924(e)(1) of the Armed Career Criminal Act of 1984 ("ACCA"), he faces a mandatory minimum sentence of fifteen years of imprisonment if convicted. On March 1, 2016, Defendant moved to dismiss the indictment for failure to state an offense under the ACCA pursuant to Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure.[1] (Def. Mot. to Dismiss ("Def. Mot."), Docket Entry No. 43.) Defendant asserts that the indictment must be dismissed because he does not have three qualifying convictions to satisfy section 924(e)(1), arguing that his first-degree robbery conviction pursuant to New York Penal Law § 160.15(4) is not a "violent felony"

---

[1] On April 22, 2016, the Court stayed the motion to dismiss by consent of the parties, pending a decision from the Second Circuit in cases involving the same or similar challenges. (*See* Minute Entry dated Apr. 22, 2016.) The parties subsequently requested additional abeyances pending decisions from the Second Circuit and the United States Supreme Court. (*See* Minute Entry dated Dec. 2, 2016; Minute Entry dated Feb. 2, 2017; Minute Entry dated Apr. 27, 2017; Minute Entry May 16, 2017; Minute Entry dated July 20, 2017; Def. Letter Request for Continuance dated Nov. 15, 2017, Docket Entry No. 56; Def. Letter Request for Continuance dated Jan. 23, 2018, Docket Entry No. 58; Minute Entry dated Feb. 20, 2018.)

within the meaning of the ACCA.² (*Id.*; Def. Letter Reply ("Def. Reply") 1, Docket Entry No. 47.) For the reasons discussed below, the Court denies Defendant's motion to dismiss.

I. Discussion

a. Legal standard

Indictments must contain both "a plain, concise, and definite written statement of the essential facts constituting the offense charged" and a "citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1); *United States v. Dupree*, 870 F.3d 62, 70 (2d Cir. 2017). An indictment is to be "read . . . 'to include facts which are necessarily implied by the specific allegations' therein." *United States v. Faison*, 393 F. App'x 754, 757 (2d Cir. 2010) (quoting *United States v. LaSpina*, 299 F.3d 165, 177 (2d Cir. 2002)). "[C]ommon sense and reason are more important than technicalities" and the indictment "need not be perfect." *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (quoting *United States v. De La Pava*, 268 F.3d 157, 162 (2d Cir. 2001)); *United States v. Faison*, 393 F. App'x 754, 757 (2d Cir. 2010) ("[I]t is not necessary to allege facts with technical precision, but rather, to outline the essential elements [required by Rule 7(c)(1)]."). "An indictment is sufficient if it 'first, contains the elements of the offense charged and fairly informs

---

² Defendant has been convicted of: (1) first degree robbery for display of a firearm, in violation of New York Penal Law § 160.15(4); (2) attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree, in violations of New York Penal Law §§ 125.25(1) and 110, 120.10(1) and 265.03(2), respectively; and (3) assault in the second degree, in violation of New York Penal Law § 120.05(1). (Def. Mot. to Dismiss ("Def. Mot.") 2, Docket Entry No. 43; Certificates of disposition, annexed to Def. Mot., Docket Entry No. 43-1; Gov't Opp'n to Def. Mot. ("Gov't Opp'n") 2, Docket Entry No. 46.). The Court takes judicial notice of Defendant's prior convictions. *See United States v. Esquivel*, 88 F.3d 722, 726 (9th Cir. 1996) (taking judicial notice of matters in considering appeal of motion to dismiss indictment); *United States v. Gordon*, 634 F.2d 639, 642 (1st Cir. 1980) (noting district court was free to take judicial notice of certain prior proceedings in considering motion to dismiss indictment); *Mercano v. City of New York*, No. 15-CV-3544, 2017 WL 1969676, at *1 (S.D.N.Y. May 12, 2017) ("The [c]ourt is entitled to take judicial notice of the Certificate of Disposition and consider it on this [civil 12(b)(6)] motion.").

a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *Stringer*, 730 F.3d at 124 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)); *see also Dupree*, 870 F.3d at 70 ("An indictment that does not set out all of the essential elements of the offense charged is defective." (quoting *United States v. Gonzalez*, 686 F.3d 122, 127 (2d Cir. 2012))).

Pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, a defendant may move to dismiss an indictment for various defects, including "a failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B); *United States v. Aleynikov*, 676 F.3d 71, 75–76 (2d Cir. 2012) ("[A] federal indictment can be challenged on the ground that it fails to allege a crime within the terms of the applicable statute." (citation omitted)).  Courts must accept as true the allegations in an indictment for purposes of evaluating a motion to dismiss.  *See United States v. Velastegui*, 199 F.3d 590, 592 n.2 (2d Cir. 1999); *United States v. Murgio*, 209 F. Supp. 3d 698, 706 (S.D.N.Y. 2016) ("In evaluating a motion to dismiss, the [c]ourt 'accept[s] as true all of the allegations of the indictment.'" (quoting *United States v. Goldberg*, 756 F.2d 949, 950 (2d Cir. 1985))).  As a result, the Second Circuit "ha[s] consistently upheld indictments that do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime."  *United States v. Ghayth*, 709 F. App'x 718, 723 (2d Cir. 2017) (quoting *United States v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000)).

### b. The indictment may not be dismissed solely because it references 18 U.S.C. § 924(e)(1)

Defendant seeks dismissal of the indictment "based on the inapplicability of the ACCA." (Def. Reply 1.)  He argues that "[t]he grand jury included the ACCA provision and alleged facts supporting it in the indictment," and that such inclusion speaks to the relevance of section 924(e)(1) to the indictment as a whole.  (*Id.*)  Defendant thus argues that the indictment is

3

defective, including as to section 922(g)(1), if his first-degree robbery conviction is not a violent felony within the meaning of the ACCA.

The Government contends that Defendant's motion is both premature and inaccurate. (Gov't Opp'n to Def. Mot. ("Gov't Opp'n") 3, Docket Entry No. 46.) The Government argues that the motion to dismiss "challenge[s] the applicability of a sentencing enhancement that only applies if the [D]efendant is found guilty of being a felon in possession of a firearm." (*Id.*) The Government thus requests Defendant's motion be dismissed without prejudice to renew at sentencing. (*Id.* at 5.) As to the applicability of section 924(e)(1), the Government contends Defendant's first-degree robbery conviction is a violent felony within the meaning of the ACCA.

Defendant's argument that the indictment must be dismissed because it erroneously references the ACCA is meritless because section 924(e)(1) is neither a free-standing offense nor a substantive element of an offense. *See United States v. Baldwin*, 186 F.3d 99, 101 (2d Cir. 1999) ("[A]s a matter of statutory construction, it is evident that Congress understood [section] 924(e) as a mechanism for sentence enhancement, rather than as a provision defining a free-standing offense."); *see also United States v. Shields*, 789 F.3d 733, 741 (7th Cir. 2015) ("We cannot accept the view that [section] 924(e)(1), on its own, provides a substantive element of the offense that must be submitted to the jury."); *United States v. Rumney*, 867 F.2d 714, 717 (1st Cir. 1989) (holding section 924(e)(1) to be a sentence enhancer and not a substantive crime in agreement with nine other circuits to have addressed the issue).

Rather than challenge the sufficiency of the indictment as to section 922(g)(1), the only substantive offense, Defendant challenges the applicability of section 924(e)(1), a sentencing provision. However, "[i]ncluding a sentencing provision, such as [section] 924(e)(1), in an indictment does not transform a sentencing factor into a substantive element." *Shields*, 789 F.3d

4

at 742. Even if, as Defendant argues, the ACCA is inapplicable, its inapplicability cannot be used as a backdoor to challenge the actual substantive offense in an indictment. *See United States v. Bates*, 77 F.3d 1101, 1105 (8th Cir. 1996) ("References in the indictment to sentence enhancements such as section 924(e) are 'mere surplusage' and 'may be disregarded if the remaining allegations are sufficient to charge a crime.'" (citation omitted)); *United States v. Lowe*, 860 F.2d 1370, 1381 (7th Cir. 1988) ("Under Rule 7(c) . . . , a miscitation such as the reference to [section] 924(e) is harmless error and cannot be grounds for dismissing the indictment . . . unless the defendant is misled by the erroneous reference and prejudiced thereby." (citations omitted));[3] *United States v. Rule*, No. 16-CR-00420, 2017 WL 3158873, at *2 (N.D. Ill. July 25, 2017) (denying motion to dismiss indictment because citation to section 924(e)(1) does not change its status as a sentencing provision); *United States v. James*, No. 15-CR-00049, 2016 WL 51268, at *7 (W.D. Ky. Jan. 4, 2016) ("Any argument as to [the defendant's] ineligibility (or eligibility) for an *enhanced sentence* under 18 U.S.C. § 924(e) is not the proper subject of a motion to dismiss because it is not a separate *offense* necessary to include in the indictment."); *United States v. Monocchi*, 836 F. Supp. 79, 82 (D. Conn. 1993) (denying motion to dismiss count one of indictment because "the quantity of narcotics involved in a count of conviction is not an element of the offense" at issue); *see also United States v. Zorilla*, No. 91-CR-733, 1991 WL 274486, at *3 (S.D.N.Y. Dec. 12, 1991) ("[Section] 924(e)(1) is a sentence enhancement provision and each prior conviction need not be included in the indictment . . . . That does not mean, however, that including them in the indictment warrants dismissal." (citation omitted)); *but see United States v. Calix*, No. 13-CR-582, 2014 WL 2084098, at *15 (S.D.N.Y. May 13, 2014) (granting motion to dismiss count relating to 18 U.S.C. §§ 922(g)(1) and 924(e)(1)

---

[3] Defendant has not alleged any prejudice.

5

because the indictment "fail[ed] to state all of the necessary elements of the charged offense" since the defendant was "not subject to enhanced sentencing under § 924(e)(1)").[4] Accordingly, the Court denies Defendant's request to dismiss the indictment based on the inclusion of the ACCA sentencing enhancement provision.

### c. Convictions pursuant to New York Penal Law § 160.15(4) are categorically violent felonies within the meaning of the ACCA.

Even if the inclusion of an inapplicable sentencing enhancement could be used to dismiss a substantive offense, the Court denies Defendant's request to do so because convictions pursuant to New York Penal Law § 160.15(4) are categorically violent felonies within the meaning of the ACCA. *See Stuckey v. United States*, 878 F.3d 62, 64 (2d Cir. 2017).

---

[4] In *United States v. Calix*, No. 13-CR-582, 2014 WL 2084098, at *15 n.11 (S.D.N.Y. May 13, 2014), the Government argued that the count relating to 18 U.S.C. §§ 922(g)(1) and 924(e)(1) should not be dismissed because the inclusion of section 924(e) was a "courtesy" to the defendant to "provide notice" of a potential sentencing enhancement. The district court in *Calix* found this argument unpersuasive for two reasons: (1) that the argument was based on case law prior to *Alleyne v. United States*, 570 U.S. 99 (2013); and (2) that "a plain reading of [the relevant charge] indicated" that the Government charged the defendant with a "violation of [section] 924(e)."

Although *Calix* does not explain the significance of *Alleyne*, the district court appears to have relied on the holding that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury," *Alleyne*, 570 U.S. at 103. However, the Supreme Court expressly declined to revisit *Almendarez–Torres v. United States*, 523 U.S. 224 (1998), which "recognized a narrow exception to this general rule for the fact of a prior conviction." *Alleyne*, 570 U.S. at 111 n.1. The Second Circuit has also affirmed the continuing viability of *Almendarez-Torres*. *See United States v. Arline*, 835 F.3d 277, 280–81 (2d Cir. 2016) ("*Alleyne*, however, has not altered the rule set forth in *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] and *Almendarez-Torres* that the fact of a prior conviction need not be determined by a jury."). Accordingly, even if an indictment references a violation of section 924(e)(1) as a separate charge or element of section 922(g), the sentencing provision is not transformed into a substantive offense or element. *See United States v. Shields*, 789 F.3d 733, 742 (7th Cir. 2015) ("Including a sentencing provision, such as § 924(e)(1), in an indictment does not transform a sentencing factor into a substantive element."); *see also United States v. Bennett*, No. 12-CR-88, 2013 WL 703135, at *1 (E.D.N.Y. Feb. 26, 2013) (discussing prior denial of motion to dismiss indictment "based on its reference to three violent felonies" where the Government "explained that the three felonies referenced . . . were to give [the defendant] notice" of the mandatory minimum imposed by section 924(e)(1) upon conviction under section 922(g)(1)).

The Court only addresses the applicability of 18 U.S.C. § 924(e)(1) as an alternative rationale for denying Defendant's motion to dismiss the indictment. *See United States v. Wallace*, No. 15-CR-794, 2016 WL 4367961, at *11 (S.D.N.Y. Aug. 11, 2016) (considering motion to dismiss indictment based on the inapplicability of section 924(e)(1) without discussion of the flawed basis of the challenge); *United States v. Pierce*, No. 06-CR-42, 2007 WL 1175071, at *8 (E.D.N.Y. Apr. 19, 2007) (same); *United States v. Whitley*, No. 04-CR-1381, 2005 WL 1949490, at *1 (S.D.N.Y. Aug. 11, 2005) (considering motion to dismiss count two of the indictment based on inapplicability of section 924(e)(1)). This challenge based on the inclusion of sentencing enhancement language, while unviable, (*see supra* pp. 3–6), is ripe for adjudication because the sufficiency of an indictment may be determined prior to conviction, *see United States v. Perez*, 575 F.3d 164, 166 (2d Cir. 2009). Because the motion seeks to dismiss the indictment rather than section 924(e)(1) alone,[5] the Court finds it unnecessary to resolve the

---

[5] Courts have taken differing positions as to the ripeness of pre-conviction direct challenges to sentencing provisions. *See United States v. Jackson*, No. 13-CR-142, 2013 WL 4744828, at *2 (S.D.N.Y. Sept. 4, 2013) (finding issue ripe after determination there would be substantial hardship otherwise); *United States v. Caparotta*, 890 F. Supp. 2d 200, 210 n.12 (E.D.N.Y. 2012) (same); *United States v. Monocchi*, 836 F. Supp. 79, 83 (D. Conn. 1993) (same); *United States v. Olivencia*, 689 F. Supp. 1319, 1323 (S.D.N.Y. 1988) (same); *United States v. Santana*, 761 F. Supp. 2d 131, 142 (S.D.N.Y. 2011) (finding issue ripe for defendant who indicated he would plead guilty if the sentencing enhancement applied); *United States v. Simard*, No. 10-CR-47, 2011 WL 6217305, at *2 (D. Vt. Dec. 13, 2011) (same); *United States v. Walker*, No. 17-CR-181, 2017 WL 8944018, at *3 (D. Minn. Oct. 25, 2017) (finding issue unripe), *report and recommendation adopted*, No. 17-CR-181, 2018 WL 400759 (D. Minn. Jan. 12, 2018); *United States v. Edwards*, No. 16-CR-081, 2017 WL 606768, at *5 (S.D. Ohio Feb. 15, 2017) (same); *United States v. Burden*, No. 16-CR-097, 2017 WL 606770, at *3 (S.D. Ohio Feb. 15, 2017) (same); *United States v. King*, No. 15-CR-88, 2016 WL 1271387, at *3 (M.D. Pa. Apr. 1, 2016) (same); *United States v. Williams*, No. 15-CR-0185, 2015 WL 5638051, at *1 (D. Minn. Sept. 24, 2015) (same); *United States v. Ayotte*, 841 F. Supp. 2d 398, 411 (D. Me. 2012) (same); *United States v. Easley*, No. 10-CR-20642, 2011 WL 1743905, at *6 (E.D. Mich. May 6, 2011) (same); *United States v. Washington*, No. 08-CR-223, 2008 WL 4510992, at *1 (D. Minn. Oct. 2, 2008) (same); *United States v. Gore*, No. 06-CR-5722, 2008 WL 312783, at *1 (W.D. Wash. Feb. 1, 2008) (same); *United States v. Willyard*, No. 07-CR-44, 2007 WL 4554228, at *1 (E.D. Tenn.

justiciability of addressing the applicability of the enhancement prior to conviction where the challenges are aimed only at sentencing provisions rather than offenses.[6]

### i. Relevant statutory framework

#### 1. Section 924(e)

Section 924(e)(1) applies to a conviction under 18 U.S.C. § 922(g)(1) "if the defendant has three previous convictions in state or federal court for 'serious drug offense[s]' or 'violent felon[ies].'" *Stuckey*, 878 F.3d at 64 (quoting 18 U.S.C. § 924(e)(1)). A violent felony is defined as:

> any crime punishable by imprisonment for a term exceeding one year . . . that — (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is [one of several enumerated offenses], or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B). This case only concerns 18 U.S.C. § 924(e)(2)(B)(i), known as the "force" or "elements" clause. *See Stuckey*, 878 F.3d at 68. As to that clause, "the phrase 'physical force' means *violent* force — that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

#### 2. New York Penal Law § 160.15(4)

Defendant challenges the characterization of his first-degree robbery conviction pursuant

---

Dec. 19, 2007) (same); *United States v. Quezada*, No. 88-CR-204, 1988 WL 95373, at *1 (E.D.N.Y. Sept. 2, 1988) (same).

[6] The Court is mindful that motions to dismiss substantive offenses or indictments may become a "work-around" to any ripeness concerns raised by directly challenging sentencing enhancement provisions prior to conviction. District courts in this Circuit, however, have been willing on occasion to entertain such motions to dismiss. *See United States v. Wallace*, No. 15-CR-794, 2016 WL 4367961, at *11 (S.D.N.Y. Aug. 11, 2016); *United States v. Pierce*, No. 06-CR-42, 2007 WL 1175071, at *8 (E.D.N.Y. Apr. 19, 2007); *United States v. Whitley*, No. 04-CR-1381, 2005 WL 1949490, at *1 (S.D.N.Y. Aug. 11, 2005). Accordingly, the Court addresses Plaintiff's argument based on the sentencing enhancement language in the indictment.

to New York Penal Law § 160.15(4). (*See* Def. Mot. 2.) New York Penal Law § 160.15(4) provides in relevant part:

> A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
>
> . . .
>
> 4. Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . .

N.Y. Penal Law § 160.15(4). Convictions under the statute are also categorized as class B felonies. *Id.*

### ii. Convictions under New York Penal Law § 160.15(4) are categorically violent felonies

Defendant asserts that convictions pursuant to New York Penal Law § 160.15(4) are not violent felonies within the meaning of the ACCA because the statute does not necessarily require the application of *violent* force. (Def. Mot. 2.) Defendant provides actual examples of applications of New York Penal Law § 160.15 involving only *de minimis* force, including convictions involving at most "form[ation] [of] a human wall" and "tug-of-war." (*Id.* at 4.) As to the aggravating factor in subsection (4) — display of a firearm, Defendant hypothesizes that individuals may be convicted for merely throwing away their guns while fleeing. (*Id.* at 6.)

The Government contends that convictions under New York Penal Law § 160.15 are categorically violent felonies because they "necessarily entail[] the use of [violent] force". (Gov't Opp'n 3.) The Government argues that "the Second Circuit has repeatedly held . . . robber[ies] of any degree" to be violent felonies because New York statutes require "proof of 'forcible stealing.'" (*Id.* at 5–6.) In addition, the Government contends that "forcibly stealing" has been defined "as the use or threatened force against another person . . . to overcome any

9

resistance . . ." and cannot be accomplished by *de minimis* force. (*Id.* at 9.) The Government further argues that the display of a firearm provides the necessary force in and of itself. (*Id.* at 12.) The Government criticizes Defendant's hypotheticals and contends that a conviction under subsection (4) of New York Penal Law § 160.15 requires that the weapon be displayed for the purpose of effectuating a robbery or escape. (Gov't Suppl. Letter ("Gov't Letter") 2, Docket Entry No. 52.)

### 1. *Stuckey* forecloses Defendant's argument

As an initial matter, the Second Circuit has already held that convictions under subsection (4) of New York Penal Law § 160.15 are violent felonies within the meaning of the ACCA. *See Stuckey*, 878 F.3d at 64. In *Stuckey*, the Second Circuit considered an appeal of a denial of a 28 U.S.C. § 2255 motion to "vacate, set aside, or correct" the defendant's sentence for convictions under 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *Id.* Having conceded that New York Penal Law §§ 160.15(3) and (4) require violent force, the defendant instead argued that his convictions were not violent felonies because the statutes' intent requirements did not satisfy *Leocal v. Ashcroft*, 543 U.S. 1 (2004).[7] *Id.* The Second Circuit disagreed and affirmed the district court's decision, holding that "convictions under [New York Penal Law §§ 160.15(3) and (4)] constitute violent felonies under the ACCA's elements clause." *Id.* at 72. Although careful to note that the defendant had conceded the issue as to force, *see id.* at 70, the Second Circuit expressly explained that "[t]he . . . '[d]isplay [of] what appears to be a [firearm]' in the course of a robbery well exceeds the degree of violent physical force the ACCA requires." *Id.* at 70 (internal

---

[7] Defendant does not challenge the intent requirement which is also foreclosed by *Stuckey*. *See also United States v. Bordeaux*, 886 F.3d 189, 193 (2d Cir. 2018) ("To qualify as a violent felony under the 'elements clause' of ACCA, an offense must be defined so as to require both intent and the use, attempted use, or threatened use of 'violent force.'").

citations omitted). The Second Circuit also circumscribed its holding as to force to subsections (3) and (4) of New York Penal Law §§ 160.15, making clear that those subsections necessarily require violent force. *See id.* at 67 n.6 ("We need not address in this opinion the question of whether *all* New York robberies qualify as a 'violent felony' under the ACCA — i.e., whether just 'forcible stealing' requires the degree of force mandated by the 2010 *Johnson* decision."). Accordingly, the Court denies Defendant's motion to dismiss the indictment because, based on Second Circuit precedent, his first-degree robbery conviction under New York Penal Law § 160.15(4) is a violent felony within the meaning of the ACCA. *See also United States v. Hill*, 890 F.3d 51, 56 (2d Cir. 2018) ("[W]e have recently held that the force required to commit first-degree robbery in New York 'satisf[ies] the plain text of . . . ACCA['s]' force requirement." (quoting *Stuckey*, 878 F.3d at 70)); *United States v. Steele*, --- F. App'x ---, ---, 2018 WL 1612238, at *1 (2d Cir. Apr. 4, 2018) ("In *Stuckey*, we held that a conviction pursuant to subsection (4) of N.Y. Penal Law § 160.15 constitutes a 'violent felony' under 18 U.S.C. § 924(e)(2)(B)(i).").

### 2. New York Penal Law § 160.15(4) is a violent felony requiring violent force under the modified-categorical approach

Even in the absence of the Second Circuit's binding authority, the Court finds that New York Penal Law § 160.15(4) is a violent felony, requiring violent force as an element.

#### A. The Court applies the modified-categorical approach

"To determine whether an offense is a [violent felony], courts employ what has come to be known as the 'categorical approach.'" *Hill*, 890 F.3d at 55 (citation omitted). Under this approach, courts "first identify the elements of the statute forming the basis of the defendant's conviction." *United States v. Bordeaux*, 886 F.3d 189, 193 (2d Cir. 2018) (citation omitted). "In doing so, [courts] examine what is the minimum criminal conduct necessary for conviction under

[that] particular [state] statute, mindful that there must be a realistic probability . . . that the State would apply its statute to conduct that constitutes the minimal criminal activity necessary for a conviction." *Stuckey*, 878 F.3d at 67 (citations and internal quotation marks omitted). "After identifying the elements of the offense, [courts] compare the minimum conduct necessary for a state conviction with the conduct that constitutes a violent felony under the ACCA." *Bordeaux*, 886 F.3d at 193 (citation and internal quotation marks omitted). "If the state statute sweeps more broadly — *i.e.*, it punishes activity that the federal statute does not encompass — then the state crime cannot count as a predicate violent felony for the ACCA's fifteen-year mandatory minimum." *Id.* (citation and internal quotation marks omitted).

"In some instances, an additional step is required because a 'statute[ ] . . . ha[s] a more complicated (sometimes called 'divisible') structure . . . . " *Stuckey*, 878 F.3d at 67. "A divisible statute 'sets out one or more elements of the offense in the alternative.'" *Hill*, 890 F.3d at 55 n.6 (citation omitted). "If some but not all of the alternative elements would amount to a [violent felony], a court can 'modify' the categorical approach by looking at a limited set of documents, including the indictment, to consider under which portion of the statute the defendant was charged." *Id.* (citation omitted); *Stuckey*, 878 F.3d at 67 ("This approach is known as the modified categorical approach."). "After determining which portion was at issue, a court then applies the categorical approach to that part of the challenged statute." *Hill*, 890 F.3d at 55 n.6 (citation omitted).

The modified-categorical approach applies in this action because New York Penal Law § 160.15 lists four different aggravating circumstances. *See Stuckey*, 878 F.3d at 67 (applying the modified-categorical approach because "New York's first degree robbery statute lists four different aggravating circumstances, or different ways of committing the offense"); *United States*

12

*v. Jones*, 878 F.3d 10, 16–17 (2d Cir. 2017) ("New York's first-degree robbery statute is divisible and therefore subject to the modified categorical approach."). Because the parties agree that Defendant was convicted only under subsection (4) of N.Y. Penal Law § 160.15, the Court applies the categorical approach only as to that subsection. *See Stuckey*, 878 F.3d at 67.

### B. The display of a firearm alone is sufficient to satisfy the requirement of violent force

The display of a firearm alone under New York Penal Law § 160.15(4) constitutes sufficient *threatened* use of violent force to satisfy the 2010 *Johnson* decision. *See United States v. Nieves-Galarza*, 718 F. App'x 159, 163 (3d Cir. 2017) ("The ACCA's elements clause can be satisfied not only through the 'use of force,' but also through the '*threatened* use of physical force against the person of another.'" (quoting 18 U.S.C. § 924(e)(2)(B)(i))). "The New York Court of Appeals has explained that the reason for making the display of a firearm an aggravating statutory factor is the 'effect upon the victim put in fear of his or her life.'" *Id.* (quoting *People v. Baskerville*, 60 N.Y.2d 374, 381 (1983)). "And it has interpreted the 'display' of a firearm in violation of § 160.15(4) as something *more* than 'a mere threat to use one.'" *Id.* (quoting *People v. Lopez*, 73 N.Y.2d 214, 221 (1989)). These binding state court precedents establish that New York Penal Law § 160.15(4) requires the firearm to be displayed in a manner that may reasonably be perceived as threatening to a victim, "well exceed[ing] the degree of violent physical force the ACCA requires." *Stuckey*, 878 F.3d at 70; *see Baskerville*, 60 N.Y.2d at 381 ("The defendant must consciously display something that could reasonably be perceived as a firearm with the intent of compelling an owner of property to deliver it up or for the purpose of preventing or overcoming resistance to the taking."); *see also Bordeaux*, 886 F.3d at 194 ("[E]ven a mere threat to use a firearm that one does not in fact have still qualifies as the 'threatened use of physical force' within the meaning of ACCA.").

Consistent with binding precedent under New York State law, Defendant also fails to provide any example of an application of subsection (4) of N.Y. Penal Law § 160.15 involving only *de minimis* force. The concrete examples Defendant proffers relate only to "forcibly stealing,"[8] an element common to first-degree robberies generally, but not the "display of a firearm," an element specific to subsection (4). Defendant instead only provides a hypothetical that a person may be convicted for merely throwing away a gun while fleeing. The Second Circuit, however, has recently reinforced the need for a "realistic possibility that a perpetrator could effect [the crime at issue] in the manner [the defendant] posits without employing or threatening physical force." *Hill*, 890 F.3d at 57 n.9; *see Stuckey*, 878 F.3d at 67. Reliance on hypotheticals alone has thus been discouraged. *See Hill*, 890 F.3d at 57 n.9; *see also Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) ("To show [a] realistic probability, an offender . . . must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues."). Accordingly, the Court finds that New York Penal Law § 160.15(4) is categorically a violent felony, requiring violent force pursuant to New York state case law as supported by the lack of any contrary concrete examples. *See Nieves-Galarza*, 718 F. App'x at 163; *United States v. Lassend*, No. 10-CR-40019, 2017 WL 2960518, at *15 (D. Mass. July 11, 2017) ("The display of what appears to be a firearm therefore constitutes the threatened use of violent force, and [section] 160.15(4) is thus a 'violent felony' under the force clause of the ACCA."), *certificate of appealability granted*, 265 F. Supp. 3d 103

---

[8] The Court does not reach the issue of whether the "forcibly stealing" element requires the necessary violent force, an issue the Second Circuit declined to address in *Stuckey*. Many district courts, however, have held that it does not. *See United States v. Moncrieffe*, 167 F. Supp. 3d 383, 403 (E.D.N.Y. 2016) (collecting cases); *but see Belk v. United States*, No. 01-CR-180, 2017 WL 3614446, at *6 (S.D.N.Y. Aug. 22, 2017) ("Those decisions are unpersuasive, in that they ignore the implicit *threat* of physical harm that is inherent in blocking a robbery victim with a human wall." (citation omitted)).

(D. Mass. 2017).

## II. Conclusion

For the reasons discussed, the Court denies Defendant's motion to dismiss the indictment.

SO ORDERED:

    s/ MKB    
MARGO K. BRODIE
United States District Judge

Dated: June 7, 2018
       Brooklyn, New York